IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-22-111-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER** |
| JOSHUA DANIEL WILSON, | |
| Defendant. | |

**INTRODUCTION**

The Court sentenced Defendant Joshua Daniel Wilson ("Wilson") on September 21, 2023, to 168 months' imprisonment followed by a term of supervised release of five years. (Doc. 63.) The Court ordered this sentence to run concurrent with the sentences imposed in Lewis & Clark County District Causes BDC-09-113, CDC-14-434, and ADC-09-283. (Doc. 62.) Wilson's release date is projected to be October 19, 2035, according to the Bureau of Prisons website. Wilson filed a motion for compassionate release on April 15, 2025. (Doc. 79.) Wilson filed a supplemental motion for compassionate release on September 5, 2025. (Doc. 93.)

The Government opposes this motion. (Doc. 94.) The Government argues that Wilson's motion is untimely because he has not yet exhausted his administrative

1

remedies. (*Id.* at 4.) The Government also argues that Wilson has not provided extraordinary and compelling reasons justifying "permanent premature release from custody." (*Id.* at 2.)

## FACTUAL BACKGROUND

UPS employees in Billings discovered a package in May 2021 that was shipped from California that was damaged during shipping and was spilling loose coffee grounds. (*Id.* at 2.) The UPS employees opened the package and found suspected methamphetamine inside. (*Id.*) The package was intended for Sabrina Olson in Great Falls. (*Id.*) Officers conducted a controlled delivery of the package to Olson at her home several days later. (*Id.*) Olson admitted to being involved with the shipment of meth, and messages on her cellphone revealed Wilson intended to sell the methamphetamine that was delivered to Olson's home. (*Id.*)

Officers observed Wilson at Olson's home as they prepared to search the property. (*Id.* at 3.) Wilson was on supervision with the Montana Department of Corrections for felony drug convictions at the time. (*Id.*) Wilson later admitted to his probation officer that he was again selling methamphetamine and admitted to purchasing approximately six pounds of methamphetamine for resale. (*Id.*) The total weight of methamphetamine found in the UPS package was 793.8 grams of actual methamphetamine. (*Id.*) Wilson pleaded guilty to conspiracy to possess with intent

to distribute methamphetamine. (*Id.*)

## DISCUSSION

Wilson has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Wilson contends that extraordinary and compelling reasons exist for reducing Wilson's sentence and that the § 3553(a) factors support such a reduction. The Government opposes the motion. (Doc. 94.)

**I.     Motion for Compassionate Release**

   **A. Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of

3

"extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG §

4

1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

### B. Exhaustion of Remedies

Wilson contends that he applied for compassionate release on March 4, 2025, and that he has not yet received a response as of filing his motion on April 15, 2025. (Doc. 79 at 2-3, Doc. 93 at 5.) Communications from the Bureau of Prisons ("BOP") suggest this assertion is not true. Mr. George Cho, Supervisory Attorney for the Bureau of Prisons asserted via email on April 23, 2025, that "[t]here is no record of

any request [from Wilson] for compassionate release within the BOP RIS database." (Doc. 94 Ex. 1 at 1.)

Wilson must pursue administrative exhaustion through BOP channels before seeking sentence reduction in this Court. The Court grants Wilson leave to amend his motion in order to demonstrate proof that he has filed a request for compassionate release with the BOP. If Wilson has in fact not yet filed a complaint with the BOP for sentence reduction, the Court directs Wilson that he must file a motion with BOP and fully exhaust BOP remedies before seeking relief from the Court.

The Court will not address the rest of the § 3553(a) factors given its holding. The Court will address the rest of the § 3553(a) factors should Wilson demonstrate that he has fully exhausted administrative remedies.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Wilson's motion for compassionate release pursuant to 18 U.S.C. § 3582 (Doc. 79; Doc. 93) is **DENIED** without prejudice.

DATED this 10th day of October, 2025.

_____
Brian Morris, Chief District Judge
United States District Court