# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR-22-111-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| JOSHUA DANIEL WILSON, | |
| Defendant. | |

## INTRODUCTION

The Court sentenced Defendant Joshua Daniel Wilson ("Wilson") on September 21, 2023, to 168 months' imprisonment followed by a term of supervised release of five years. (Doc. 63.) The Court ordered this sentence to run concurrent with the sentences imposed in Lewis & Clark County District Causes BDC-09-113, CDC-14-434, and ADC-09-283. (*Id*.) Wilson's projected release date is October 19, 2035. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed August 10, 2026). Wilson previously filed a motion for compassionate release on April 15, 2025. (Doc. 79.) Wilson filed a supplemental motion for compassionate release on September 5, 2025. (Doc. 93.) The Court denied Wilson's motion without prejudice as untimely on October 10, 2025, for not first exhausting his administrative remedies. (Doc. 97.)

1

Wilson filed a second motion for compassionate release on January 12, 2026. (Doc. 99.) Wilson filed a supplemental motion for compassionate release on April 13, 2026. (Doc. 106.) The Government opposed Wilson's motion. (Doc. 110.) The Court granted in part Wilson's motion and reduced Wilson's sentence from 168 months to 156 months. (Doc. 112.)

Wilson filed a motion for reconsideration of the Court's order on his second motion for compassionate release (Doc. 112) on July 6, 2026. (Doc. 113.) Wilson also filed a third motion for compassionate release. (Doc. 115, Doc. 116.) Wilson additionally filed a letter in the docket that appears to be in support of his second motion for compassionate release. (Doc. 114.) The Government opposes Wilson's renewed request for compassionate release. (Doc. 117.) The Court will address all Wilson's requests for relief in this order.

## FACTUAL BACKGROUND

UPS employees in Billings discovered a package in May 2021 that was shipped from California that was damaged during shipping and was spilling loose coffee grounds. (Doc. 110 at 3.) The UPS employees opened the package and found suspected methamphetamine inside. (*Id.*) The package was intended for Sabrina Olson in Great Falls. (*Id.*) Officers conducted a controlled delivery of the package to Olson at her home several days later. (*Id.*) Olson admitted to being involved with the shipment of methamphetamine. (*Id.*) Messages on Olson's cellphone revealed

Wilson intended to sell the methamphetamine that was delivered to Olson's home. (*Id.*)

Officers observed Wilson at Olson's home as they prepared to search the property. (*Id*. at 3.) Wilson was under supervision with the Montana Department of Corrections for felony drug convictions at the time. (*Id*.) Wilson later admitted to his probation officer that he was again selling methamphetamine and admitted to purchasing approximately six pounds of methamphetamine for resale. (*Id*.) The total weight of methamphetamine found in the UPS package was 793.8 grams of actual methamphetamine. (*Id*.) Wilson pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. (*Id*.)

## DISCUSSION

### I.   Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) and whether the reduction proves "consistent with applicable policy statements issued by the

Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory

Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/

official-text-amendments/202305_Amendments.pdf.

The amendments provide that:

Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
(1) Medical Circumstances of the Defendant.—
    . . .

    (B) The defendant is—
        (i) suffering from a serious physical or medical condition,
        (ii) suffering from a serious functional or cognitive impairment, or
        (iii) experiencing deteriorating physical or mental health because of the aging process,

 that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
. . .

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence

5

likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 3.

The catchall "other reasons" provision reflects the USSC's belief that "guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts." (*Id.* at 10.) The "unusually long sentence" provision applies where there have been non-retroactive changes to the law. (*Id.*) This provision recognizes that "[o]ne of the expressed purposes of section 3582(c)(1)(A) when it was enacted in 1984 was to provide a narrow avenue for judicial relief from unusually long sentences." (*Id.* at 11, citing S. REP. NO. 98-225 (1983)); USSG § 1B1.13(b).

**A. Motion for Reconsideration**

Wilson states that he "find[s] it hard to believe that [has] [has not] presented 'extraordinary and compelling' reasons as to warrant a compassionate release as to a 12 month reduction in sentence." (Doc. 113 at 1.) The Court emphasizes that it granted Wilson a 12-month reduction in sentence, from 168 months to 156 months. (Doc. 112.) To the extent Wilson asks the Court to reconsider that reduction and

instead award immediate release from custody (*id.*, at 7), the Court declines to provide such relief.

Courts generally have "inherent authority" to decide motions for reconsideration in criminal proceedings. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center,* 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir.1988)). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

Wilson provides no newly discovered evidence, no evidence of clear error or manifest injustice in the Court's initial decision, and cites no intervening change in controlling law. *See id*. Wilson instead recites his previous complaints and makes various arguments about alleged injustice within his indictment and change of plea proceedings. (*See* Doc. 113.) The Court recognizes that Wilson suffers from serious mental health conditions. The Court further acknowledges Wilson's allegations of sexual assault and misconduct on the part of the BOP. The Court cannot, however, act on these assertions, and certainly cannot provide Wilson's requested relief of

immediate release, with no supporting evidence. It is not the Court's role to investigate or substantiate Wilson's allegations. Wilson provides no newly discovered evidence to prove his claims. Wilson fails to identify any compelling basis for revisiting the Court's previous order granting in part and denying in part Wilson's second motion for compassionate release. *See United States v. Washington*, No. 23-372, 2024 WL 838690, at *1 (9th Cir. Feb. 28, 2024).

**B. Exhaustion of Remedies for Third Motion for Compassionate Release**

Wilson previously filed a motion for compassionate release on April 15, 2025. (Doc. 79.) The Court denied Wilson's motion as untimely on October 10, 2025, as he failed to first exhaust his administrative remedies. (Doc. 97.) Wilson then filed a second motion for compassionate release (Doc. 99) and properly exhausted administrative remedies. (Doc. 112.)

Wilson filed a third motion for compassionate release, apparently contained in two filings (Doc. 115, Doc. 116), in July 2026. Wilson's filings contain no discussion of exhaustion of administrative remedies. Wilson must pursue renewed administrative exhaustion through BOP channels before again seeking sentence reduction in this Court. The Court directs Wilson that he must file another motion with BOP and fully exhaust BOP remedies before seeking relief from the Court.

**C. Reason for Reduction and the 18 U.S.C. § 3553(a) factors**

The Court determines that it proves appropriate to briefly address Wilson's filings, despite his failure to comply with administrative exhaustion requirements. The Court notes that Wilson fails to provide substantively new information, evidence, or assertions. The Court reminds Wilson that the bar for compassionate release remains high. Wilson's medical conditions and alleged experiences while in BOP custody, while concerning, fail to rise to the level of extraordinary and compelling justifying further sentence reduction. The Court already has granted Wilson partial relief in the form of a 12-month sentence reduction. Wilson fails to argue that his health conditions have further deteriorated or that he possesses new evidence to substantiate his claims of sexual assault. Wilson has not shown any changes that merit a different § 3553(a) analysis from the Court's previous order.

The Court notes that Wilson provides letters from other inmates pertaining to Wilson's seizure disorder. (Doc. 116 Ex. 1, Ex. 2, Ex. 3.) The Court encourages BOP to ensure it provides the necessary and appropriate medical care to Wilson to manage his seizure disorder.

## CONCLUSION

The Court first denies reconsideration of its previous order on Wilson's second motion for compassionate release (Doc. 112). Wilson makes no new allegations. Wilson fails to provide newly discovered evidence or otherwise provide justification warranting reconsideration of the Court's order. Reconsideration is not

granted simply because a party disagrees with the Court's order. Reconsideration remains a rare remedy, rather, and is "not to be used as a vehicle to present evidence that was available when the matter was initially adjudicated" or to repeat arguments. *See United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016).

The Court additionally concludes that Wilson failed to exhaust administrative remedies in the filing of his third motion for compassionate release. The Court finds that Wilson fails to present "extraordinary and compelling" circumstances pursuant to § 3582(c)(1)(A) justifying further sentence reduction or immediate release. The Court reiterates that Wilson has not shown any changes that merit a different § 3553(a) analysis from the Court's previous order, although the Court notes that Wilson provided letters from other inmates related to his seizure disorder.

The Court recognizes the challenges presented in receiving adequate healthcare, and particularly mental health care, in a custodial setting. The Court sympathizes with Wilson's frustration with the custodial system, however, the Court can lawfully provide no further relief at this time.

## ORDER

Accordingly, **IT IS ORDERED** that Wilson's motions for reconsideration and for compassionate release (Doc. 113, Doc. 114, Doc. 115, and Doc. 116) are **DENIED**. The Court's previous order (Doc. 112) reducing Wilson's sentence from

168 months to 156 months remains in effect. Wilson's period of supervised release following his custodial term remains unchanged.

DATED this 11th day of August, 2026.

_____
Brian Morris, Chief District Judge
United States District Court